**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAKOTA WADE TIDWELL,

            Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

            Defendant-Appellee.

No.   19-17329

D.C. No. 3:18-cv-08083-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 16, 2020[**]
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Dakota Tidwell appeals the district court's order affirming the Social

Security Administration's denial of his application for disability insurance benefits

(DIB) and supplemental security income (SSI). Tidwell argues that the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Administrative Law Judge (ALJ) improperly weighted the assessments of his treating psychiatrist, Dr. Gibson, and erroneously discounted his testimony regarding the severity of his symptoms. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). The ALJ's disability determination will stand if it is free from legal error and supported by evidence that a "reasonable person might accept as adequate to support a conclusion." *Id.* at 1009 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). We affirm.

**1.** The ALJ provided specific and legitimate reasons to discount the assessments of Tidwell's treating psychiatrist that were supported by substantial evidence. Though the assessments of treating physicians are entitled to some deference, *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995), those assessments are not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Where, as here, the opinions of a treating physician are contradicted by other medical evidence, the ALJ is tasked with resolving the conflict. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ may credit the opinions of non-treating doctors over treating doctors if she provides specific and

2

legitimate reasons that are supported by substantial evidence. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

The ALJ reasonably found that the assessment of agency psychiatrist Dr. Steingard contradicted Dr. Gibson's assessment that Tidwell could not work due to marked and extreme limitations. Whereas Dr. Gibson found that Tidwell's obsessive behaviors would cause him to be off task up to 15% of the day, Dr. Steingard determined that Tidwell's obsessive rituals took no more than "a few minutes a day." The ALJ also pointed out that Tidwell's other treatment notes contradicted Dr. Gibson's conclusion that Tidwell's mania and anxiety would make it impossible for him to work. For instance, treatment notes throughout the alleged disability period stated that "[Tidwell's] moods were good, his obsessions and anxiety remained but they were variable and manageable." The ALJ also observed that, despite Tidwell's behavioral impairments, "[his] depression, bipolar disorder, and anxiety [were] well controlled with medication," and were "manageable and stable." The record supports the ALJ's observation.

The ALJ also cited the opinions of non-examining agency doctors Yandell and Zuess who reviewed Tidwell's medical records and determined that he could perform light, semi-skilled work. The non-examining doctors' opinions were consistent with the record, which showed that Tidwell's moods were stable, and his

3

anxiety and obsessions were legitimate but manageable. Thus, the ALJ provided specific and legitimate reasons, which were supported by substantial evidence, for granting little weight to Dr. Gibson's assessments.[1]

2.     The ALJ provided clear and convincing reasons to discount Tidwell's testimony regarding the severity of his symptoms. The ALJ is responsible for evaluating the claimant's credibility, resolving conflicts in the evidence, and clarifying ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Absent evidence of malingering, an ALJ may reject a claimant's subjective symptom testimony only if there are specific, clear and convincing reasons to do so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492–93 (9th Cir. 2015). To meet that standard, the ALJ must "specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id.* at 489.

---

[1]Inasmuch as Tidwell contends that the ALJ erroneously interpreted the medical evidence based on a misunderstanding of the medical definition of Tidwell's "stable" condition, that argument is unavailing. Although the term "stable" may have a technical meaning in the treatment context, the record is clear that Tidwell's impairments were both stable *and manageable* with medication. *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The ALJ outlined the portions of Tidwell's testimony she found inconsistent with the overall record: Tidwell's anxiety made it impossible to work when he was around other people, his difficulties concentrating prevented him from completing tasks efficiently, and his inability to follow instructions precluded any meaningful work. But as the ALJ observed, Tidwell's treatment history and his own testimony undercut such expansive limitations. Treatment notes from Southwest Behavioral Health showed that Tidwell had learned to employ coping strategies to manage his anxiety, and treatment notes from Little Colorado Behavioral Health Center revealed Tidwell "was doing the best he [had] in years." As the ALJ noted, those treatment records demonstrated that Tidwell's "depression, bipolar disorder, and anxiety [were] well controlled with medication and [were] manageable and stable." Tidwell's own testimony revealed that he had the capacity to volunteer at his church, work in the church library, perform household chores, cook simple meals, and tend to his pets. Those treatment records and activities contradicted Tidwell's testimony. Therefore, specific, clear and convincing reasons supported the ALJ's decision to discount Tidwell's subjective testimony.

**AFFIRMED.**